(81 Misc. Rep. 142.)

EPSTEIN v. SCHWARTZ & CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—MODIFICATION OF ORDER—JURISDICTION OF APPELLATE COURT.

Under Code Civ. Proc. § 1317, as amended, authorizing the court on appeal to reverse, affirm, or modify any judgment or order, except where it may be necessary to grant a new trial, the defect in an order of the Municipal Court of the City of New York setting aside a verdict, arising from the failure to set a day for the trial of the case, may be remedied by the Appellate Term by fixing the day for a new trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Benjamin Epstein against Schwartz & Co. From an order setting aside a verdict for plaintiff, he appeals. Modified and affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Charles S. Rosenthal, of New York City, for appellant.
Herman Strizver, of New York City, for respondent.

PER CURIAM. This is an appeal from an order of the Municipal Court setting aside the verdict of a jury rendered in favor of the plaintiff. The only point urged by the appellant as a ground for reversal that merits any attention is that the order fails to set a day for the trial of the action.

Such an omission has been held to render the order unauthorized. Murphy v. Joline, 62 Misc. Rep. 461, 115 N. Y. Supp. 108; Id., 63 Misc. Rep. 256, 116 N. Y. Supp. 715. The right of the Appellate Term to order a new trial in such a case was evidently not brought up or considered in those cases. The policy of disregarding technicalities in matters of practice has recently been strengthened by legislative en-

actments, and now under section 1317 of the Code of Civil Procedure, as recently amended, the Appellate Term is authorized to reverse, affirm, or modify any judgment or order appealed from and render judgment accordingly, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing, and, whatever may have heretofore been the power of the Appellate Term in that respect, it is clearly defined in that section.

The order is therefore modified, by inserting therein the 1st day of July, 1913, as the day for a new trial, and, as modified, affirmed, without costs of this appeal to either party.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

